## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-6795 PA (AGRx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Maricela Vallejo v. Pedro Rivera, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — MINUTE ORDER

      The Court has conducted a preliminary review of the pretrial documents filed on October 6, 2023.  Unfortunately, all of these pretrial document suffer from deficiencies indicating that the parties rushed to complete these documents, did not conduct an adequate pre-filing conference of counsel, and have made inadequate progress in resolving issues in advance of the pretrial conference.

      The pretrial filings reflect a failure to seriously consider the Court's prior orders, what claims remain to be tried and how the parties will conduct the trial.  The parties failed to file two sets of jury instructions–a set of Joint Proposed Jury Instructions and a set of Disputed Jury Instructions–as specified in the Court's Civil Trial Scheduling Order.  Moreover, because there are approximately fifty instructions that appear to be in dispute, it is clear to the Court that the parties have not made "every attempt to agree upon the jury instructions before submitting them to the Court."  The Joint Exhibit and Witness Lists also fail to comply with the Court's Order and the Local Rules both in terms of format and substance.  For example, the parties did not use the appropriate format for their witness testimony summaries. Moreover, the more than 150 hours of anticipated testimony in the Witness List far exceeds the 8 day estimate in the proposed Pretrial Conference Order and that 8 day estimate ignores previous guidance from the Court regarding the amount of time they will have to try this case.  The Court also notes that the pretrial exhibit stipulation contains an excessive number of boilerplate objections by defendants, who object to nearly all of plaintiff's exhibits.  The parties also failed to file a joint statement of the case, and instead submitted competing self-serving versions, and filed separate verdict forms.

      Moreover, all of the parties' pretrial documents violate Local Rule 5-4.3.1, requiring that documents filed electronically must be submitted in Portable Document Format ("PDF"), created using word-processing software, and published to PDF from the original word-processing file to permit the electronic version of the document to be searched. "PDF IMAGES CREATED BY SCANNING PAPER DOCUMENT ARE PROHIBITED." Local Rule 5-4.3.1.  This is not the first time the Court has had to notify the parties of the requirements of this particular Local Rule.  Indeed, on August 10, 2023, the Court denied the parties' Stipulation in part as a result of their violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6795 PA (AGRx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Maricela Vallejo v. Pedro Rivera, et al. | | |

Local Rule 5-4.3.1.  (See Docket No. 41).  The Court thus strikes all of the pretrial filings in this matter (Docket Nos. 50-58) for violation of the Local Rules.

The Court also notes that the defendants suggest in the proposed Pretrial Conference Order that the Court bifurcate the trial, with the Court first conducting a bench trial on the equitable issues–specifically defendants' affirmative defenses..  This proposal appears to be foreclosed by Beacon Theatres v. Westover, 395 U.S. 500, 509-11, 79 S. Ct. 948, 3 L. Ed. 2d 988 (1959).

The Court orders lead trial counsel to meet and confer in person concerning all of the pretrial documents, including the case statements, witness testimony summaries and time estimates, disputed jury instructions, verdict forms, and the pretrial exhibit stipulation.  This further meet and confer must occur no later than by 12:00 p.m. on Friday, October 13, 2023.  The parties shall file a revised version of all their pretrial documents consistent with the Local Rules and the Court's Civil Trial Scheduling Order by no later than 12:00 p.m. on Monday October 16, 2023.  By that same date and time, lead trial counsel for the parties shall also file a Joint Report, including declarations, signed under penalty of perjury, that they met and conferred and discussed the issues raised in this Order.

The parties may not pick which of the Court's orders and deadlines to follow and which to ignore.  The Court notes that the parties were warned on August 31, 2023, that any additional violations of the Local Rules or the Court's Orders might result in the imposition of sanctions.  Because of the parties' repeated failures to comply with the Local Rules, despite having been previously admonished, and their failures to comply with the Court's Orders and the Local Rules regarding the pre-filing meeting of counsel and filing of pretrial documents, the Court orders the parties to show cause in writing whey they should not be sanctioned up to $1,000.  Counsel's responses to the Court's Order to Show Cause shall also be filed by no later than 12:00 p.m. on Monday October 16, 2023.  Failure to comply with this Order, or the failure to file any required document in the format required by the Local Rules and the Civil Trial Scheduling Order may result in the imposition of additional sanctions, which could include evidentiary sanctions, claim preclusion sanctions, dismissal of the action, striking of the Answer and entry of default, the revocation of counsel's permission to appear pro hac vice, or a monetary sanction.

IT IS SO ORDERED.